threaten the victim with a gun. However, this evidence does not give rise to an inference which supports Cotton's hypothetical that the shooting was unintentional. See *Dickey v. State*, 240 Ga. 634, 642 (6) (242 SE2d 55) (1978). There is no evidence that Cotton merely pointed a weapon at the victim or was otherwise committing either a misdemeanor or a lawful act in an unlawful manner. Indeed, the undisputed evidence shows that, during an unprovoked attack by Cotton, who reached in through the passenger window, the gun was fired from inside the car on the passenger side at close range. See *Dickey v. State*, supra at 642 (6). The only evidence that Cotton did not commit aggravated assault was his pre-trial statement, in which he admitted his presence on the passenger side of the car, but denied that he shot the victim or that he even had a gun. This statement did not show that Cotton committed any crime at all with regard to the discharge of the gun. See *Bellamy v. State*, 272 Ga. 157, 159 (2) (527 SE2d 867) (2000). Thus, the State's evidence supported a finding that Cotton was guilty of felony murder, whereas his denial would have authorized the jury to find him not guilty of any criminal offense. *Dewberry v. State*, 271 Ga. 624, 626 (2) (523 SE2d 26) (1999). Where, as here, the evidence establishes either the commission of the completed offense as charged, or the commission of no offense, the trial court is not authorized to charge the jury on a lesser included offense. *Bellamy v. State*, supra at 159 (2); *Mason v. State*, 267 Ga. 314, 315 (3) (477 SE2d 568) (1996).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 25, 2001.

*William D. Phillips*, for appellant.

*Howard Z. Simms, District Attorney, Sandra G. Matson, Myra Y. Hutchinson, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Adam M. Hames, Assistant Attorney General*, for appellee.

JQC Docket Nos. 00-34, 00-50. IN RE JUDGE CHARLOTTE BEALL.
(552 SE2d 798)

ORDERED JULY 2, 2001.

S00G0952. ACCOLADES APARTMENTS, L.P. v. FULTON
COUNTY et al.
S00G1477. AARON RENTS, INC. v. FOURTEENTH STREET
VENTURE, L.P. et al.    ·
(549 SE2d 348)

HINES, Justice.

We granted certiorari in *Aaron Rents v. Fourteenth Street Venture, L.P.*, 243 Ga. App. 746 (533 SE2d 759) (2000), and *Accolades Apts., L.P. v. Fulton County*, 242 Ga. App. 214 (528 SE2d 268) (2000),[1] to resolve a conflict between them concerning whether real property titled in the name of a "joint venture" is to be treated as partnership property and therefore beyond the reach of judgment creditors of individual members of the "joint venture." We find that, in certain circumstances, it can be.

In *Accolades*, the real property at issue was owned by Consolidated Equities Corporation prior to 1987, when Consolidated Equities executed a warranty deed to "Accolades Apartments Joint Venture, a joint venture composed of John Hancock Insurance Company and Consolidated Equities Corporation." After that transfer, various judgment and tax liens arose against Consolidated Equities Corporation. The property was later transferred to Accolades Apartments, L.P., and thereafter was condemned for a road project. The condemnation proceeds were sought by Accolades Apartments, L.P., and the holders of those judgment and tax liens against Consolidated Equities Corporation which arose after the 1987 conveyance. The trial court ordered the proceeds dispersed to certain of the lien holders, and the Court of Appeals affirmed, holding that any partnership status that might have been asserted by "Accolades Apartments Joint Venture, a joint venture composed of John Hancock Insurance Company and Consolidated Equities Corporation," or its successors, was irrelevant to the question of dispersal. The Court of Appeals reasoned that because a joint venture is not a legal entity separate from

---

[1] The Court of Appeals's opinion in *Accolades* dealt with two cases, A00A0143 and A00A0144. Certiorari was sought and granted only in A00A0143.